**Andrew P. Parks**, OSB No. 024161
Email: aparks@agsprp.com
ARNOLD GALLAGHER PERCELL
ROBERTS & POTTER, PC
800 Willamette Street, Suite 800
Eugene, Oregon 97401-2996
Telephone: (541) 484-0188
Facsimile: (541) 484-0536
   *Of Attorneys for Home Federal Bank*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| HOME FEDERAL BANK, a wholly-owned banking subsidiary of Home Federal Bancorp, Inc., an Idaho corporation,<br><br>                          Plaintiff,<br><br>vs.<br><br>OLD MILL PARTNERS, LLC, an Oregon limited liability company, BENNY E. BRANDVOLD and KAREN A. BRANDVOLD, co-trustees of the KAREN A. AND BENNY E. BRANDVOLD FAMILY TRUST; MICHAEL J. SACKIN, an individual, DON SORENSEN, an individual, JAMES DEROSE, an individual,<br><br>                          Defendants. | CASE NO. 6:12-cv-00906<br><br>COMPLAINT<br><br>(Breach of Promissory Note; Breach of Guaranty) |

Plaintiff alleges:

**JURISDICTION & VENUE**

1.   Plaintiff is a wholly-owned banking subsidiary of Home Federal Bancorp, Inc., an

COMPLAINT - 1

Idaho corporation. Plaintiff's principal offices are located in Idaho.

2. Defendant Old Mill Partners, LLC is an Oregon limited liability company (referred to herein as "Old Mill") .

3. Defendants Benny E. Brandvold and Karen A. Brandvold are residents of Montana and co-trustees of the Karen A. and Benny E. Brandvold Family Trust, a trust organized under the laws of the state of California (referred to herein as "Trust").

4. Defendant Michael J. Sackin is an individual and a citizen of the state of Oregon.

5. Defendant Don Sorensen is an individual and a citizen of the state of California.

6. Defendant James DeRose is an individual and a citizen of the state of Nevada.

7. The amount in controversy exceeds $75,000, exclusive of interest and costs.

## BACKGROUND

8. In or around August of 2009, the Federal Deposit Insurance Commission ("FDIC") seized Community First Bank ("Community First") and placed all of its assets into receivership.

9. Home Federal Bank acquired certain of the assets of Community First, including the loan documents more particularly described herein.

10. On or about February 22, 2007, Old Mill executed and delivered to Community First a Promissory Note in the stated principal sum of $895,000.00 (the "2007 Note"), pursuant to which, Community First Agreed to loan the sum of $895,000.00 to Old Mill. In connection with the same, Old Mill, executed and delivered to Community First a Deed of Trust on four separate properties located in Bend, Oregon (referred to herein as the "Collateral").

11. As an additional condition of the loan, and in connection with the same, Defendants-

Trust, Sackin, Sorensen and DeRose each executed and delivered to Community First a Commercial Guaranty whereunder each individual party absolutely and unconditionally guaranteed full and punctual payment and satisfaction of the all indebtedness owed by Old Mill to Community First (collectively referred to herein as the "Guarantors").

12. On or about April 27, 2010, the loan was renewed and extended at a reduced interest rate. In connection with the same, Old Mill executed and delivered to Community First a Promissory Note in the stated principal sum of $769,950.00 (the "2010 Note"). The 2010 Note refinanced the amounts then owed under the 2007 Note. A true copy of the 2010 Note is attached hereto as Exhibit "A".

13. In connection with the 2010 refinance, Old Mill executed and delivered to Plaintiff that certain Business Loan Agreement dated April 27, 2010. In addition, the Guarantors each renewed and reaffirmed their unconditional guaranty of the indebtedness owed by Old Mill to Plaintiff. In accordance with the same, each individual guarantor executed and delivered to Plaintiff a Commercial Guaranty. True copies of each Commercial Guaranty executed by the Guarantors are attached hereto as Exhibit "B".

14. In or around December of 2011 and January of 2012, Old Mill ceased making payments on the 2010 Note.

15. On or about April 19, 2012, Plaintiff, by and through its counsel, delivered a Notice of Default and Demand to Pay to Old Mill and the Guarantors based upon Old Mill's failure to make payments when due under the terms of the 2010 Note.

16. On May 10, 2012, the loan matured as per the terms of the 2010 Note.

COMPLAINT - 3

17. On or about May 15, 2012, Plaintiff agreed to cooperate with a "short sale" of the Collateral and received net proceeds from the sale of the same in the amount of $560,000.00. The sale proceeds were applied in reduction of the loan balance.

18. Plaintiff is the owner and holder of the 2010 Note, Business Loan Agreement and Commercial Guaranty(s) (collectively referred to herein as the "Loan Documents").

## FIRST CLAIM FOR RELIEF

### (Breach of Promissory Note)

### (Against Defendant Old Mill)

19. Plaintiff re-alleges paragraphs 1-2, and 7-18.

20. Old Mill has defaulted under the terms of the Loan Documents by failing to tender the balance due under the 2010 Note on or prior to the maturity date of May 10, 2012.

21. As of May 18, 2012, and after application of all just credits and offsets, there remains due and owing on the 2010 Note the principal sum of $194,097.94, accrued interest in the sum of $20,440.44, late fees in the sum of $250.00, and appraisal fees and title fees in the amount of $1,950.00, together with Plaintiff's reasonable attorney fees and costs incurred herein. Interest continues to accrue on the principal sum at the default rate of 18.0% per annum, from and including May 19, 2012 until paid in full.

22. Plaintiff has performed all of the conditions required of it under the Loan Documents.

23. Pursuant to the terms of the Loan Documents, Plaintiff is entitled to recover all of its reasonable attorneys' fees, costs and expenses incurred herein.

/ / /

COMPLAINT - 4

## SECOND CLAIM FOR RELIEF

### (Breach of Guaranty)

### (Against Defendants Trust, Sackin, Sorensen & DeRose)

24. Plaintiff re-alleges paragraphs 1-23.

25. On or about April 27, 2010, the Guarantors, executed and delivered to Home Federal a Commercial Guaranty whereunder each party absolutely and unconditionally guaranteed full and punctual payment and satisfaction of the all indebtedness owed by Old Mill to Home Federal.

26. Despite demand, the Guarantors have failed to pay the sum due and owing under the Commercial Guaranty.

27. Plaintiff is the holder of the Commercial Guaranty(s) and has performed all of the conditions required of it thereunder.

28. Pursuant to the terms of the Commercial Guaranty, Plaintiff is entitled to recover from the Guarantors, and each of them, all of those amounts due and owing from Old Mill to Plaintiff, together with Plaintiff's reasonable attorney fees and costs incurred herein.

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. <u>On its First Claim for Relief</u>:

   A. That a money judgment be entered against Borrowers in favor of Plaintiff in the principal sum of $194,097.94, accrued interest in the sum of $20,440.44, with interest continuing to accrue on the principal sum at the rate of 18.0% per annum from May 19, 2012 until paid, late fees in the sum of $250.00, and appraisal fees and title fees in the amount of $1,950.00;

   B. For Plaintiff's reasonable attorney fees, costs and expenses incurred herein; and

COMPLAINT - 5

C. For such other relief the court deems just and equitable;

2. <u>On its Second Claim for Relief</u>:

A. For a money judgment against Defendants Trust, Sackin, Sorensen, and DeRose for the amount of the judgment awarded in paragraph 1.A above;

B. For Plaintiff's reasonable attorney fees and costs incurred herein; and

C. For such other relief the court deems just and equitable.

DATED this 21st day of May, 2012.

ARNOLD GALLAGHER PERCELL
ROBERTS & POTTER, PC

_____
Andrew P. Parks, OSB #024161
Of Attorneys for Plaintiff

**COMPLAINT - 6**